## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHANIE E. SLOSER**<br>**4633 Greene Place, NW**<br>**Washington D.C. 20007**<br><br>           **Plaintiff,**<br><br>           **v.**<br><br>**ARAMARK CORPORATION**<br>**1101 Market Street**<br>**Philadelphia, PA 19107**<br><br>           **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. _____**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL OF DEFENDANT ARAMARK CORPORATION

PLEASE TAKE NOTICE that Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

ARAMARK Corporation ("ARAMARK" or "Defendant"), by and through its undersigned

counsel, hereby gives notice of the removal of this action from the Superior Court of the District

of Columbia to the United States District Court for the District of Columbia.  The removal of this

action is based on the following:

**A.**     **State Court Action**

Plaintiff Stephanie Sloser commenced this action by filing a Complaint in the Superior

Court for the District of Columbia, captioned *Stephanie Sloser v. ARAMARK Corporation,* Civil

Action No. 07-0006206-07.

**B.**     **Defendant's Receipt of Plaintiff's Complaint**

Copies of the Summons and Complaint in said action were served on ARAMARK via

certified mail on November 2, 2007.  No other proceedings have been held in this action, and the

Summons and Complaint constitute all processes and pleadings served upon ARAMARK in this action. A copy of the Summons and Complaint are attached hereto as Exhibit 1.

**C.**    **Nature of the Action in Plaintiff's Complaint**

Plaintiff's Complaint asserts six causes of action: (1) refusal to permit an employee to take family leave in violation of the D.C. Family and Medical Leave Act; (2) retaliation against an employee for taking family leave in violation of the D.C. Family and Medical Leave Act ; (3) retaliation against an employee due to family responsibilities in violation of the D.C. Human Rights Act; (4) refusal to restore employment subsequent to family leave in violation of the D.C. Family and Medical Leave Act; (5) terminating an employee in response to Plaintiff's change in family responsibilities in violation of the D.C. Human Rights Act; and (6) defamation. *See* Complaint pp. 6-10.

Specifically, Plaintiff alleges that she was employed by ARAMARK as Chief of Event Services and placed at a client organization headquartered in the District of Columbia. *See* Complaint ¶ 12. Plaintiff claims that several months prior to her due date, Plaintiff informed ARAMARK that she was pregnant and would avail herself of family medical leave permitted by the D.C. Family and Medical Leave Act. *See* Complaint ¶ 19. Plaintiff gave birth on October 6, 2006, and within a few weeks Plaintiff asserts that her request to take family and medical leave was denied. *See* Complaint ¶ 22. Plaintiff further alleges that during November and December 2006, ARAMARK required Plaintiff to perform employment functions, including preparation, review, and distribution of routine calendar year performance reviews for subordinate staff. *See* Complaint ¶ 24. Plaintiff claims that ARAMARK did not allow her to adjust her 16 weeks of family leave in January 2007, despite the fact that ARAMARK allegedly forced her to work during November and December 2006. *See* Complaint ¶ 27. In January 2007, Plaintiff alleges

that ARAMARK refused to provide her with a routine calendar year performance evaluation and, after taking family and medical leave, on or about March 12, 2007, ARAMARK failed to restore Plaintiff to her position of employment. *See* Complaint ¶ 28, 30.

With regard to her defamation claim, Plaintiff states that, "[a]s a direct and proximate result of Aramark's conduct, Sloser has suffered and will in the future suffer great damages, including loss of income, diminution of reputation, loss of career and business opportunities and advancement." Complaint ¶ 58.

Further, in her "Prayer for Relief," Plaintiff seeks to enjoin ARAMARK from future violations of the D.C. Family and Medical Leave Act, D.C. Human Rights Act, and the common law of the District of Columbia. *See* Complaint p. 11, ii. Plaintiff also seeks "compensatory and punitive damages equal to $73,850 (such amount being equivalent to one year's salary prior to commencement of family leave less two weeks severance previously paid)." Complaint p. 11, iii. Plaintiff also requests unspecified fees and costs, as well as pre-judgment and post-judgment interest. Complaint p. 11, iv and v.

**D.    Removal of State Court Actions**

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) because district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

**E.**     **Diversity of Citizenship**

1.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States ... ."  In this matter, removal is appropriate as the parties are diverse and the amount in controversy exceeds $75,000.

2.     Diverse Citizenship

Plaintiff is a citizen of the District of Columbia.  *See generally* Complaint (identifying Plaintiff's address as 4633 Greene Place, NW, Washington DC 20007).  Defendant ARAMARK Corporation is incorporated under the laws of Delaware with its principal place of business in Pennsylvania.  Because ARAMARK is neither a citizen of the District of Columbia nor does it have its principal place of business in the District of Columbia, there is complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a)(1).  *See* 28 U.S.C. § 1332(c)(1).

3.     Amount in Controversy

With regard to her defamation claim, Plaintiff states that, "[a]s a direct and proximate result of Aramark's conduct, Sloser has suffered and will in the future suffer great damages, including loss of income, diminution of reputation, loss of career and business opportunities and advancement."  Complaint ¶ 58.  Further, in her "Prayer for Relief," Plaintiff seeks "compensatory and punitive damages equal to $73,850 (such amount being equivalent to one year's salary prior to commencement of family leave less two weeks severance previously paid)."  Complaint p. 11, iii.  Plaintiff also requests unspecified fees.  Complaint p. 11, iv.  Thus, although Plaintiff enumerates only $73,850 in monetary damages, it is clear that she is also

requesting monetary relief in the form of loss of future income, reputational damages, punitive damages, and attorneys' fees.[1]

Although the Supreme Court has held that absent law to the contrary, the sum claimed by the plaintiff controls if the claim was made in good faith, *St. Paul Mercy Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), it has also held that to justify dismissal from federal court for lack of diversity jurisdiction, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. . . ." *Id.* Because Plaintiff seeks compensatory damages related to her defamation claim, as well as unspecified punitive damages and attorneys' fees, *in addition to* the enumerated $73,850, it can not be stated to a legal certainty that Plaintiff's claim is really less than the jurisdictional amount of $75,000.[2] *See Rosenboro v. Kim*, 994 F. 2d 13, 18 (D.C. Cir. 1993) (jurisdictional amount satisfied by a showing that unliquidated pain and suffering damages would have a value equal to the jurisdictional amount); *Martin v. Gibson*, 723 F.2d 989, 993 (D.C. Cir. 1983) (court may properly consider potential unliquidated damages for pain and suffering and emotional distress in evaluating whether jurisdictional amount is satisfied). Because it does not appear to a legal certainty that Plaintiff's claim is really for less than the jurisdictional amount, diversity jurisdiction exists in this case. *See St. Paul Mercy Indemnity Co.*, 303 U.S. at 288-89.

Because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states, this Court has original jurisdiction over

---

[1]     Prior to representing herself pro se in the instant matter, Plaintiff was represented by counsel who communicated with Defendant and Defendant's counsel. The D.C. Human Rights Act and D.C. Family and Medical Leave Act provide for the recovery of reasonable attorneys' fees. D.C. Code §§ 2-1403.13(a)(1)(E), 32-509(b)(7).

[2]     Plaintiff's claim for compensatory damages related to her defamation claim, as well as unspecified punitive damages and attorneys' fees need only amount to $1,151 to exceed the $75,000 jurisdictional requirement.

Plaintiff's claims under 28 U.S.C. § 1332(a), and this cause of action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**F.    Venue**

The United States District Court for the District of Columbia is the judicial district embracing the place where the state court action was brought and is pending, and therefore is the proper district court to which this case should be removed. *See* 28 U.S.C. § 1441 (a) – (e) and 1446(a).

**G.    Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty (30) days have not expired since ARAMARK first received the Summons and Complaint.

**H.    State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), along with this Notice, ARAMARK Corporation is simultaneously filing copies of all process, pleadings, and orders existing on file in the Superior Court of the District of Columbia, the state court in this removed action. Copies of these documents are attached hereto as Exhibit 2. Further, pursuant to 28 U.S.C. § 1446(d), ARAMARK will promptly give written notice of the removal of this action to Plaintiff, who is appearing pro se, and will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia. A copy of the Notice of Filing Notice of Removal that will be filed in the Superior Court, without the exhibit, is attached hereto as Exhibit 3.

WHEREFORE, Defendant ARAMARK Corporation respectfully requests that this action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Dated:  November 23, 2007

Respectfully submitted,

Grace E. Speights (D.C. Bar No. 392091)
Karen E. Gray (D.C. Bar No. 472341)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C.  20004
202.739.5334
202.739.3001 (fax)
kgray@morganlewis.com
Counsel for Defendant ARAMARK Corporation

1-WA/2858287.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2007 a copy of the foregoing

Defendant's Notice of Removal was served via first-class mail, postage prepaid, on:

> Stephanie E. Sloser
> 4633 Greene Place, NW
> Washington, DC 20007
> Plaintiff

Copy to:

> Raymond Quianzon, Esq.
> Fletcher, Heald & Hildreth, PLC
> 1300 North 17th St., 11th Floor
> Arlington, VA 22209
> quianzon@fhhlaw.com

Karen E. Gray

# EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

STEPHANIE SLOSER

_____
                    Plaintiff    0006206-07

vs.                                      Civil Action No. _____

ARAMARK CORPORATION

_____
                    Defendant

SERVE: CT CORPORATION SYSTEM
        SUITE 1000
        1015 FIFTEENTH ST, NW
        WASHINGTON DC 20005    **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

STEPHANIE SLOSER
_____               _Clerk of the Court_
Name of Plaintiff's Attorney PRO SE

4633 GREENE PL, NW
_____       By _____
Address
WASHINGTON DC 20007                          Deputy Clerk

(202) 337-8374
_____       Date  9-8-07
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

STEPHANIE E. SLOSER )
4633 Greene Place, N.W. )
Washington, D.C. 20007 )
tel: (202) 337-8374 )
)
)
*pro se* Plaintiff, )
)                                    0006206-07
v. )
)                          Civil Action No. 07-_____
)
ARAMARK CORPORATION )
1250 New Hampshire Avenue, NW )
Washington, D.C. 20036 )                          JURY DEMANDED
)
)
*process*:     CT Corporation System )
Suite 1000 )
1015 Fifteenth Street, N.W. )
Washington, D.C. 20005 )
)
Defendant. )
_____ )

RECEIVED
Civil Clerk's Office
SEP 0 8 2007
Superior Court of the
District of Columbia
Washington, D.C.

## Complaint for Relief

1.      This is a civil action alleging discrimination, retaliation and unlawful termination

on the basis of an employee's family leave and family responsibilities in violation of the District

of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.*, District of Columbia

Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia.

## Parties

2.      Stephanie E. Sloser ("Sloser") is a resident of the District of Columbia and was a

resident of the District of Columbia at all times relevant herein.

3.      Sloser is an individual "employee" within the meaning of DC ST § 2-1401.02(9).

4.    Aramark Corporation ("Aramark") is a Delaware corporation employing individuals for pay in the District of Columbia.

5.    At all times relevant herein Aramark maintained a registered agent in the District of Columbia.

6.    Aramark is an "employer" within the meaning of DC ST § 2-1401.02(10) and DC ST § 32-501(2) and employs more than 50 persons in the District of Columbia.

7.    Sloser was employed for more than one year by Aramark and worked for greater than one thousand hours during the twelve month period prior to October 2006.

8.    Sloser is an individual "employee" within the meaning of DC ST § 32-501(1).


## Jurisdiction

9.    The Court has jurisdiction over the claims asserted herein under DC ST §11-921; the District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.*; and the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.*

10.    Aramark is present within, conducts business and has consented to jurisdiction in the District of Columbia.  The acts relevant to this complaint occurred within the District of Columbia. Therefore, Aramark is subject to the jurisdiction of this Court.

11.    The acts relevant to this complaint occurred within the District of Columbia. Aramark has registered as a foreign business corporation in the District of Columbia.  Therefore, venue is proper with this Court.

Factual Background

12.     Aramark began employing Sloser during or about August 2004 as the Chief of Event Services placed with a large multi-national organization headquartered in the District of Columbia.

13.     Sloser's employment with Aramark involved administrative, managerial and various other duties.

14.     Sloser's duties were performed at several locations including the multi-national organization's headquarter buildings and other property owned or managed by Aramark.

15.     Prior to October 2006, near the end of each calendar year, Aramark routinely conducted a performance evaluation of Sloser's employment.

16.     Each performance review conducted by Aramark indicated that Sloser's abilities and work product were exemplary.

17.     During the period of employment, Aramark praised Sloser for her performance, for the business relationships she had developed and for her successful interaction with executives and staff of the multi-national organization.

18.     A critical function of Sloser's business relationship with the multi-national organization was her ability to provide expert advice and experience during and prior to widely attended Spring and Autumn meetings with finance minsters and international diplomats.

19.     Several months prior to her expected due date and certainly within the realm of reasonable time, Sloser advised Aramark that she was pregnant and that she would avail herself of family leave as permitted by the District of Columbia Family and Medical Leave Act.

Page 3

20.     Prior to beginning family leave, Sloser prepared and submitted the requisite paperwork associated with the routine calendar year performance evaluation.

21.     During October 2006, Sloser gave birth to a child.

22.     Within merely a few weeks of giving birth to her child and commencing family leave - - during November and December 2006 - -  Aramark denied family leave to Sloser.

23.     During November and December 2006, Aramark required Sloser to perform employment functions including participating in the termination of employment for certain subordinate staff under DC law.

24.     During November and December 2006, Aramark required Sloser to perform employment functions including preparation, review and distribution of routine calendar year performance reviews for subordinate staff.

25.     Aramark paid Sloser a pro-rated salary for the employment it required her to perform during the period when family leave was denied to her.

26.     The seventeenth week following the commencement of Sloser's family leave occurred during January 2007.

27.     Aramark did not permit Sloser to adjust her 16 weeks of family leave in January 2007 despite the work required by Aramark in November and December 2006 at which time Aramark refused family leave.

28.     Beginning in January 2007, Sloser repeatedly requested that Aramark provide her routine calender year performance evaluation.  Aramark consistently ignored or refused such requests.

29.    Unbeknownst to Sloser at the time, beginning in January 2007 Aramark began the process of reviewing a successor employee for Sloser.

30.    After Sloser availed herself of family leave, on or about March 12, 2007, Aramark refused to restore Sloser to her position of employment and replaced her with the successor employee reviewed during January 2007.

31.    Aramark prepared a termination letter that provided no grounds for termination.

32.    Aramark did not offer to restore Sloser to a position of employment equivalent to the position held by Sloser at the time that family leave commenced.

33.    Aramark's termination letter suggested that Sloser must release and discharge Aramark from any claims connected with her employment or termination.

34.    Upon information and belief, subsequent to Aramark terminating Sloser, Aramark knowingly misrepresented to executives and staff of the multi-national organization that Sloser voluntarily resigned the position despite there being only a few weeks remaining prior to the critical Spring meetings multi-national organization.

35.    Suggesting that an event services professional would abandon her post with mere weeks remaining until a major event is detrimental to that professional's business reputation.

36.    Further, information from the D.C. Department of Employment Services (DCDOES) indicates that DCDOES contacted several executives of Aramark and DCDOES reports that Sloser was terminated for "misconduct."

### COUNT ONE
#### Violation of the DC Family and Medical Leave Act by
#### Refusing to Permit an Employee to Take Family Leave

37.     Paragraphs 12 through 36 above are incorporated herein by reference.

38.     Aramark violated DC ST §32-502 by refusing to permit Sloser to avail herself of the statutory D.C. family leave subsequent to the birth of a child.  Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and Medical Leave Act.  Aramark disregarded Sloser's legal entitlement to family leave in violation of the DC Family and Medical Leave Act.  During November and December 2006, despite proper notice, Aramark deliberately required Sloser to perform work in disregard for her legal entitlement and over her objection and notice.

39.     Notwithstanding the poignant irony that Aramark refused family leave to Sloser in order to make her work on items addressing proper employment and termination procedures under D.C. law, the facts cannot be disputed.  Aramark refused to provide Sloser the full amount of family leave entitlement; Aramark required Sloser to work in lieu of taking family leave; and Aramark even paid Sloser during her period of family leave as evidence of the work it required her to complete.

### COUNT TWO
#### Violation of the DC Family and Medical Leave Act by
#### Retaliating Against an Employee for taking Family Leave

40.     Paragraphs 12 through 36 above are incorporated herein by reference.

41.     Aramark violated DC ST §32-505 and DC ST §32-507 by denying Sloser her routine calendar year performance evaluation after taking family leave.  Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and

Medical Leave Act.  In retaliation for Sloser availing herself of the of the DC Family and Medical Leave Act, Aramark denied Sloser her routine calender year performance evaluation. Aramark ignored and refused repeated requests by Sloser for the routine evaluation which she had received prior to her availing herself of family leave.

42.     The calendar year performance evaluation is the basis for advancement, internal promotion and historical reference as well as salary and benefit calculations both in the immediate year and in all subsequent years.  The refusal of Aramark to provide the evaluation adversely affected Sloser's access to these employee benefits and advancements.

43.     Aramark retaliated against Sloser for availing herself of family leave by refusing to provide her with a performance evaluation that would serve as the foundation for further benefits and advancement.

COUNT THREE
Violation of the DC Human Rights Act by
<u>Retaliating Against an Employee for Family Responsibilities</u>

44.     Paragraphs 12 through 36 above are incorporated herein by reference.

45.     Aramark violated DC ST §2-1402.11(a)(1) by denying Sloser her routine calendar year performance evaluation due to her family responsibilities.  Aramark became aware of Sloser's family responsibilities and retaliated by denying Sloser her routine calender year performance evaluation.  Aramark ignored and refused repeated requests by Sloser for the routine evaluation which she had received prior to her change in family responsibility.

46.     The calendar year performance evaluation is the basis for advancement, internal promotion and historical reference as well as salary and benefit calculations both in the immediate year and in all subsequent years.  The refusal of Aramark to provide the evaluation

adversely affected Sloser's access to these employee benefits and advancements.

47.    Aramark retaliated against Sloser due to her family responsibilities by refusing to provide her with a performance evaluation that would serve as the foundation for further benefits and advancement.

COUNT FOUR

Violation of the DC Family and Medical Leave Act by
Refusing to Restore Employment Subsequent to Family Leave

48.    Paragraphs 12 through 36 above are incorporated herein by reference.

49.    Aramark violated DC ST §32-505 and DC ST §32-507 by refusing to restore Sloser to her position of employment held when the family leave commenced. Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and Medical Leave Act. In response to Sloser availing herself of the of the DC Family and Medical Leave Act Aramark refused to restore Sloser to her position subsequent to taking family leave.

50.    It cannot be disputed that Aramark issued a letter terminating Sloser subsequent to her taking family leave. It cannot be disputed that Aramark reviewed the successor to Sloser during the legally afforded time of Sloser's family leave. Aramark undertook its reckless termination actuated by malice, spite, ill will and conscious disregard for the rights of Sloser.

51.    Aramark terminated Sloser - - vividly illustrated by Aramark's decision not to follow any internal procedures or termination policies - - in retaliation for Sloser having availed herself of family leave. Aramark fails to allege misconduct or any other improper behavior in its termination letter to Sloser, nor is there any record of Aramark alleging misconduct. In stark contrast, prior to announcing that she would be availing herself of family leave, Aramark

consistently provided Sloser with outstanding performance reviews. Aramark took no measures to address or even notify Sloser of alleged misconduct or any other behavior. As Aramark's letter terminating Sloser demonstrates, Aramark had no grounds for refusing to restore Sloser to her position. Instead Aramark chose simply to herald its decision to violate the DC Family and Medical Leave act with a simple, bald termination letter denying Sloser her position.

## COUNT FIVE
Violation of the DC Human Rights Act by
Terminating Employee for Family Responsibilities

52.     Paragraphs 12 through 36 above are incorporated herein by reference.

53.     Aramark violated DC ST §2-1402.11 by terminating Sloser for a change in her family responsibilities. Sloser properly notified Aramark of her changing family responsibilities. In response Aramark terminated Sloser.

54.     It cannot be disputed that Aramark issued a letter terminating Sloser subsequent to her changing family responsibilities. It cannot be disputed that Aramark reviewed the successor to Sloser shortly after Sloser advised Aramark of her changed family responsibilities. Aramark undertook its reckless termination actuated by malice, spite, ill will and conscious disregard for the rights of Sloser. Aramark terminated Sloser - - vividly illustrated by Aramark's decision not to follow any internal procedures or termination policies - - in response to Sloser's changed family responsibilities. Aramark does not refer to misconduct or other improper behavior in its termination letter to Sloser, nor is there any record of Aramark alleging misconduct. Instead, Aramark simply chose to terminate Sloser due to her changed family responsibilities.

Page 9

## COUNT SIX
### Defamation

55.     Paragraphs 12 through 36 above are incorporated herein by reference.

56.     Aramark failed to exercise an appropriate standard of care and liability when it knowingly misrepresented to executives and staff of the multi-national organization that Sloser quit the position weeks before a critical event for the organization.  Aramark sought to limit the consequences of its decision to terminate Sloser by instead defaming Sloser's character.  Sloser is a respected professional in the event organizing community.  Aramark was outrageous and intolerable in its attempt to besmirch Sloser's reputation in the community.

57     Returning again to Aramark's unlawful termination of Sloser, Aramark had no plausible explanation for why it terminated Sloser - - other than the self-evident retaliation for Sloser's family leave and family responsibilities.  Rather than address its own ill-conceived summary termination of Sloser, Aramark undertook with malice to misrepresent facts about Sloser that it knew were patently false.  Aramark's attempt to protect its own corporate reputation by making false allegations about former employees is the text book example of defamation and the Aramark motive of protecting its own revenues at the cost of individual reputations must not stand.

58.     As a direct and proximate result of Aramark's conduct, Sloser has suffered and will in the future suffer great damages, including loss of income, diminution of reputation, loss of career and business opportunities and advancement.

<u>Prayer for Relief</u>

WHEREFORE, Stephanie E. Sloser, requests this Court to enter judgment in her favor, and against Aramark Corporation, on the above counts, individually on each of them, and further:

I)      declare that Aramark has violated the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.*, District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia;

ii)     enjoin Aramark from further violations of the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.*, District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia;

iii)    award Sloser compensatory and punitive damages equal to $73,850 (such amount being equivalent to one year's salary prior to commencement of family leave less two weeks severance previously paid);

iv)     award Sloser fees and costs of this action;

v)      direct Aramark to pay pre-judgement and post-judgment interest; and

vi)     granting, such other and further relief as the this Court determines to be appropriate, just and proper.

<u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Stephanie E. Sloser, *pro se*
4633 Greene Place, N.W.
Washington, D.C. 20007

Page 11

# EXHIBIT 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

FILED
CIVIL ACTIONS BRANCH
NOV 0 5 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Stephanie E. Sloser,　　　　　　　）
　　　　　Plaintiff　　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　　Case No 0006206-07
　　　　　　　　　　　　　　　　　）
Aramark Corporation,　　　　　　　）
　　　　　Defendant.　　　　　　　　）

### Affidavit of Service

I, Stephanie E. Sloser, do hereby affirm and provide pursuant to D.C. Super. Ct. R. Civ. Pro. 4(I)(2) that: (A) service was made upon the registered agent for Aramark Corporation, defendant in the above captioned and numbered case in accordance with DC Super. Ct. R. Civ. Pro. 4(c)(3); (B) certified mail was posted by the Plaintiff, Stephanie E. Sloser, 4633 Greene Place, N.W., Washington, D.C. 20007 and such certified mail contained a summons, copy of the complaint and the initial order setting the case for an Initial Scheduling Conference; and (C) submitted in original to the Court is a signed receipt bearing a signature from the registered agent address of defendant.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery<br>Thomas Fri, Nov. 2 01 |
| 1. Article Addressed to:<br><br>CT Corporation System<br>Suite 1000<br>1015 Fifteenth Street, N.W.<br>Washington, D.C. 20005 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label)　7007 0220 0002 5016 8035 | |
| PS Form 3811, February 2004　Domestic Return Receipt | 102595-02-M-1540 |

Further affiant saith not.

_SE Sloser_　11/5/07
Stephanie E. Sloser　　　　　Date

Commonwealth of Virginia ）
　　　　　　　　　　　　　）　ss.
County of Arlington　　　　）

Before me this 5th day of November 2007 did appear before me the above named affiant and did affirm that the above Affidavit of Service is accurate and correct to the best of her knowledge.

{ seal }

COMMONWEALTH
OF VIRGINIA
COMMISSION
# 306890
04-30-2008
NOTARY PUBLIC

_m. la M. Whitlock_
　　　　　　　　　　　ublic

Case: 2007 CA 006206 B

3176397 GORHAMC 11/14/2007 10:21:07 AM

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

STEPHANIE E. SLOSER                )
4633 Greene Place, N.W.            )
Washington, D.C. 20007             )
tel: (202) 337-8374                )
                                   )
        *pro se* Plaintiff,        )          00. . . . . . .
                                   )
v.                                 )          Civil Action No. 07-_____
                                   )
ARAMARK CORPORATION                )
1250 New Hampshire Avenue, NW      )          JURY DEMANDED
Washington, D.C. 20036             )
                                   )   ┌─────────────────────────┐
*process:*    CT Corporation System│   │      F I L E D          │
              Suite 1000           )   │  CIVIL ACTIONS BRANCH    │
              1015 Fifteenth Street, N.W. )  SEP 0 8 2007          │
              Washington, D.C. 20005 )  │    SUPERIOR COURT        │        *C/1*
                                   )   │ OF THE DISTRICT OF COLUMBIA │
                        Defendant. │   │    WASHINGTON, DC        │
                                   )   └─────────────────────────┘
_____   )

Complaint for Relief

1.      This is a civil action alleging discrimination, retaliation and unlawful termination

on the basis of an employee's family leave and family responsibilities in violation of the District

of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.,* District of Columbia

Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia.

Parties

2.      Stephanie E. Sloser ("Sloser") is a resident of the District of Columbia and was a

resident of the District of Columbia at all times relevant herein.

3.      Sloser is an individual "employee" within the meaning of DC ST § 2-1401.02(9).



Case: 2007 CA 006206 B
Drt: CABCLSF

4.      Aramark Corporation ("Aramark") is a Delaware corporation employing individuals for pay in the District of Columbia.

5.      At all times relevant herein Aramark maintained a registered agent in the District of Columbia.

6.      Aramark is an "employer" within the meaning of DC ST § 2-1401.02(10) and DC ST § 32-501(2) and employs more than 50 persons in the District of Columbia.

7.      Sloser was employed for more than one year by Aramark and worked for greater than one thousand hours during the twelve month period prior to October 2006.

8.      Sloser is an individual "employee" within the meaning of DC ST § 32-501(1).


## Jurisdiction

9.      The Court has jurisdiction over the claims asserted herein under DC ST §11-921; the District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.*; and the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.*

10.     Aramark is present within, conducts business and has consented to jurisdiction in the District of Columbia.  The acts relevant to this complaint occurred within the District of Columbia. Therefore, Aramark is subject to the jurisdiction of this Court.

11.     The acts relevant to this complaint occurred within the District of Columbia. Aramark has registered as a foreign business corporation in the District of Columbia.  Therefore, venue is proper with this Court.

Page 2

Factual Background

12.    Aramark began employing Sloser during or about August 2004 as the Chief of Event Services placed with a large multi-national organization headquartered in the District of Columbia.

13.    Sloser's employment with Aramark involved administrative, managerial and various other duties.

14.    Sloser's duties were performed at several locations including the multi-national organization's headquarter buildings and other property owned or managed by Aramark.

15.    Prior to October 2006, near the end of each calendar year, Aramark routinely conducted a performance evaluation of Sloser's employment.

16.    Each performance review conducted by Aramark indicated that Sloser's abilities and work product were exemplary.

17.    During the period of employment, Aramark praised Sloser for her performance, for the business relationships she had developed and for her successful interaction with executives and staff of the multi-national organization.

18.    A critical function of Sloser's business relationship with the multi-national organization was her ability to provide expert advice and experience during and prior to widely attended Spring and Autumn meetings with finance minsters and international diplomats.

19.    Several months prior to her expected due date and certainly within the realm of reasonable time, Sloser advised Aramark that she was pregnant and that she would avail herself of family leave as permitted by the District of Columbia Family and Medical Leave Act.

Page 3

20.    Prior to beginning family leave, Sloser prepared and submitted the requisite paperwork associated with the routine calendar year performance evaluation.

21.    During October 2006, Sloser gave birth to a child.

22.    Within merely a few weeks of giving birth to her child and commencing family leave - - during November and December 2006 - -  Aramark denied family leave to Sloser.

23.    During November and December 2006, Aramark required Sloser to perform employment functions including participating in the termination of employment for certain subordinate staff under DC law.

24.    During November and December 2006, Aramark required Sloser to perform employment functions including preparation, review and distribution of routine calendar year performance reviews for subordinate staff.

25.    Aramark paid Sloser a pro-rated salary for the employment it required her to perform during the period when family leave was denied to her.

26.    The seventeenth week following the commencement of Sloser's family leave occurred during January 2007.

27.    Aramark did not permit Sloser to adjust her 16 weeks of family leave in January 2007 despite the work required by Aramark in November and December 2006 at which time Aramark refused family leave.

28.    Beginning in January 2007, Sloser repeatedly requested that Aramark provide her routine calender year performance evaluation.  Aramark consistently ignored or refused such requests.

29.    Unbeknownst to Sloser at the time, beginning in January 2007 Aramark began the process of reviewing a successor employee for Sloser.

30.    After Sloser availed herself of family leave, on or about March 12, 2007, Aramark refused to restore Sloser to her position of employment and replaced her with the successor employee reviewed during January 2007.

31.    Aramark prepared a termination letter that provided no grounds for termination.

32.    Aramark did not offer to restore Sloser to a position of employment equivalent to the position held by Sloser at the time that family leave commenced.

33.    Aramark's termination letter suggested that Sloser must release and discharge Aramark from any claims connected with her employment or termination.

34.    Upon information and belief, subsequent to Aramark terminating Sloser, Aramark knowingly misrepresented to executives and staff of the multi-national organization that Sloser voluntarily resigned the position despite there being only a few weeks remaining prior to the critical Spring meetings multi-national organization.

35.    Suggesting that an event services professional would abandon her post with mere weeks remaining until a major event is detrimental to that professional's business reputation.

36.    Further, information from the D.C. Department of Employment Services (DCDOES) indicates that DCDOES contacted several executives of Aramark and DCDOES reports that Sloser was terminated for "misconduct."

## COUNT ONE
### Violation of the DC Family and Medical Leave Act by
#### Refusing to Permit an Employee to Take Family Leave

37.    Paragraphs 12 through 36 above are incorporated herein by reference.

38.    Aramark violated DC ST §32-502 by refusing to permit Sloser to avail herself of the statutory D.C. family leave subsequent to the birth of a child.  Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and Medical Leave Act.  Aramark disregarded Sloser's legal entitlement to family leave in violation of the DC Family and Medical Leave Act.  During November and December 2006, despite proper notice, Aramark deliberately required Sloser to perform work in disregard for her legal entitlement and over her objection and notice.

39.    Notwithstanding the poignant irony that Aramark refused family leave to Sloser in order to make her work on items addressing proper employment and termination procedures under D.C. law, the facts cannot be disputed.  Aramark refused to provide Sloser the full amount of family leave entitlement; Aramark required Sloser to work in lieu of taking family leave; and Aramark even paid Sloser during her period of family leave as evidence of the work it required her to complete.

## COUNT TWO
### Violation of the DC Family and Medical Leave Act by
#### Retaliating Against an Employee for taking Family Leave

40.    Paragraphs 12 through 36 above are incorporated herein by reference.

41.    Aramark violated DC ST §32-505 and DC ST §32-507 by denying Sloser her routine calendar year performance evaluation after taking family leave.  Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and

Medical Leave Act.  In retaliation for Sloser availing herself of the of the DC Family and Medical Leave Act, Aramark denied Sloser her routine calender year performance evaluation. Aramark ignored and refused repeated requests by Sloser for the routine evaluation which she had received prior to her availing herself of family leave.

42.    The calendar year performance evaluation is the basis for advancement, internal promotion and historical reference as well as salary and benefit calculations both in the immediate year and in all subsequent years.  The refusal of Aramark to provide the evaluation adversely affected Sloser's access to these employee benefits and advancements.

43.    Aramark retaliated against Sloser for availing herself of family leave by refusing to provide her with a performance evaluation that would serve as the foundation for further benefits and advancement.

COUNT THREE
Violation of the DC Human Rights Act by
<u>Retaliating Against an Employee for Family Responsibilities</u>

44.    Paragraphs 12 through 36 above are incorporated herein by reference.

45.    Aramark violated DC ST §2-1402.11(a)(1) by denying Sloser her routine calendar year performance evaluation due to her family responsibilities.  Aramark became aware of Sloser's family responsibilities and retaliated by denying Sloser her routine calender year performance evaluation.  Aramark ignored and refused repeated requests by Sloser for the routine evaluation which she had received prior to her change in family responsibility.

46.    The calendar year performance evaluation is the basis for advancement, internal promotion and historical reference as well as salary and benefit calculations both in the immediate year and in all subsequent years.  The refusal of Aramark to provide the evaluation

Page 7

adversely affected Sloser's access to these employee benefits and advancements.

47.    Aramark retaliated against Sloser due to her family responsibilities by refusing to provide her with a performance evaluation that would serve as the foundation for further benefits and advancement.

## COUNT FOUR
Violation of the DC Family and Medical Leave Act by
Refusing to Restore Employment Subsequent to Family Leave

48.    Paragraphs 12 through 36 above are incorporated herein by reference.

49.    Aramark violated DC ST §32-505 and DC ST §32-507 by refusing to restore Sloser to her position of employment held when the family leave commenced.  Sloser properly notified Aramark that she would avail herself of family leave in accordance with the DC Family and Medical Leave Act.  In response to Sloser availing herself of the of the DC Family and Medical Leave Act Aramark refused to restore Sloser to her position subsequent to taking family leave.

50.    It cannot be disputed that Aramark issued a letter terminating Sloser subsequent to her taking family leave.  It cannot be disputed that Aramark reviewed the successor to Sloser during the legally afforded time of Sloser's family leave.  Aramark undertook its reckless termination actuated by malice, spite, ill will and conscious disregard for the rights of Sloser.

51.    Aramark terminated Sloser - - vividly illustrated by Aramark's decision not to follow any internal procedures or termination policies - - in retaliation for Sloser having availed herself of family leave.  Aramark fails to allege misconduct or any other improper behavior in its termination letter to Sloser, nor is there any record of Aramark alleging misconduct.  In stark contrast, prior to announcing that she would be availing herself of family leave, Aramark

Page 8

consistently provided Sloser with outstanding performance reviews. Aramark took no measures to address or even notify Sloser of alleged misconduct or any other behavior. As Aramark's letter terminating Sloser demonstrates, Aramark had no grounds for refusing to restore Sloser to her position. Instead Aramark chose simply to herald its decision to violate the DC Family and Medical Leave act with a simple, bald termination letter denying Sloser her position.

COUNT FIVE
Violation of the DC Human Rights Act by
<u>Terminating Employee for Family Responsibilities</u>

52.     Paragraphs 12 through 36 above are incorporated herein by reference.

53.     Aramark violated DC ST §2-1402.11 by terminating Sloser for a change in her family responsibilities. Sloser properly notified Aramark of her changing family responsibilities. In response Aramark terminated Sloser.

54.     It cannot be disputed that Aramark issued a letter terminating Sloser subsequent to her changing family responsibilities. It cannot be disputed that Aramark reviewed the successor to Sloser shortly after Sloser advised Aramark of her changed family responsibilities. Aramark undertook its reckless termination actuated by malice, spite, ill will and conscious disregard for the rights of Sloser. Aramark terminated Sloser - - vividly illustrated by Aramark's decision not to follow any internal procedures or termination policies - - in response to Sloser's changed family responsibilities. Aramark does not refer to misconduct or other improper behavior in its termination letter to Sloser, nor is there any record of Aramark alleging misconduct. Instead, Aramark simply chose to terminate Sloser due to her changed family responsibilities.

Page 9

COUNT SIX
Defamation

55.    Paragraphs 12 through 36 above are incorporated herein by reference.

56.    Aramark failed to exercise an appropriate standard of care and liability when it knowingly misrepresented to executives and staff of the multi-national organization that Sloser quit the position weeks before a critical event for the organization. Aramark sought to limit the consequences of its decision to terminate Sloser by instead defaming Sloser's character. Sloser is a respected professional in the event organizing community. Aramark was outrageous and intolerable in its attempt to besmirch Sloser's reputation in the community.

57    Returning again to Aramark's unlawful termination of Sloser, Aramark had no plausible explanation for why it terminated Sloser - - other than the self-evident retaliation for Sloser's family leave and family responsibilities. Rather than address its own ill-conceived summary termination of Sloser, Aramark undertook with malice to misrepresent facts about Sloser that it knew were patently false. Aramark's attempt to protect its own corporate reputation by making false allegations about former employees is the text book example of defamation and the Aramark motive of protecting its own revenues at the cost of individual reputations must not stand.

58.    As a direct and proximate result of Aramark's conduct, Sloser has suffered and will in the future suffer great damages, including loss of income, diminution of reputation, loss of career and business opportunities and advancement.

## Prayer for Relief

WHEREFORE, Stephanie E. Sloser, requests this Court to enter judgment in her favor, and against Aramark Corporation, on the above counts, individually on each of them, and further:

I)      declare that Aramark has violated the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.,* District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia;

ii)     enjoin Aramark from further violations of the District of Columbia Family and Medical Leave Act, DC ST § 32-501 *et seq.,* District of Columbia Human Rights Act, DC ST § 2-1401.01 *et seq.* and the common law of the District of Columbia;

iii)    award Sloser compensatory and punitive damages equal to $73,850 (such amount being equivalent to one year's salary prior to commencement of family leave less two weeks severance previously paid);

iv)     award Sloser fees and costs of this action;

v)      direct Aramark to pay pre-judgement and post-judgment interest; and

vi)     granting, such other and further relief as the this Court determines to be appropriate, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Stephanie E. Sloser, *pro se*
4633 Greene Place, N.W.
Washington, D.C. 20007

Page 11

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Stephanie Sloser _Plaintiff_

vs.

Aramark Corporation

_Defendant_

SERVE: CT Corporation System
Suite 1000
1015 Fifteenth St, NW
Washington DC 20005

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Stephanie Sloser
~~Name of Plaintiff's Attorney~~ PRO SE

4633 Greene Pl, NW
Address Washington DC 20007

(202) 337-8374
Telephone

By _____
Deputy Clerk

Date 9-8-07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Stephanie Sloser

Case Number: _____

vs

Aramark Corporation

Date: _____

| | |
|---|---|
| Name: (please print) Stephanie Sloser | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☒ Self (Pro Se) |
| Telephone No.: (202) 3378374    Six digit Unified Bar No.: | Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand:$ 73,850    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☒ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury – (Not
    Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

STEPHANIE E SLOSER
    Vs.
ARAMARK CORPORATION

C.A. No.    2007 CA 006206 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R WRIGHT
Date:  September 8, 2007
Initial Conference: 9:30 am, Friday, December 21, 2007
Location:  Courtroom 200
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# EXHIBIT 3

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **STEPHANIE E. SLOSER**<br>**4633 Greene Place, NW**<br>**Washington D.C. 20007**<br><br>   **Plaintiff,**<br><br>   **v.**<br><br>**ARAMARK CORPORATION**<br>**1101 Market Street**<br>**Philadelphia, PA 19107**<br><br>   **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.: 07-0006206-07**<br>)  **Judge Melvin R. Wright** |

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant ARAMARK Corporation hereby gives notice that on November 23, 2007, this action was removed to the United States District Court for the District of Columbia.  Attached hereto is a copy of Defendant's Notice of Removal (without the exhibits) that has been filed with the United States District Court for the District of Columbia.

Dated:  November 23, 2007     Respectfully submitted,

                 /s/ Karen E. Gray
                Grace E. Speights (D.C. Bar No. 392091)
                Karen E. Gray (D.C. Bar No. 472341)
                MORGAN, LEWIS & BOCKIUS LLP
                1111 Pennsylvania Ave., N.W.
                Washington, D.C.  20004
                202.739.5334
                202.739.3001 (Fax)
                Counsel for Defendant ARAMARK Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of November, 2007 a copy of the foregoing

Defendant's Notice of Filing Notice of Removal was served via first-class mail, postage prepaid,

on:

> Stephanie E. Sloser
> 4633 Greene Place, NW
> Washington, DC 20007
> Plaintiff

Copy to:

> Raymond Quianzon, Esq.
> Fletcher, Heald & Hildreth, PLC
> 1300 North 17th St., 11th Floor
> Arlington, VA 22209
> quianzon@fhhlaw.com

> ___/s/ Karen E. Gray_____
> Karen E. Gray

1-WA/2858291.2

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government Plaintiff

2 U.S. Government Defendant

3 Federal Question
(U.S. Government Not a Party)

4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/ Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

### E. *General Civil (Other)*    OR    F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus-General** <br> **510 Motion/Vacate Sentence** | **442 Civil Rights-Employment** <br> **(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** <br><br> ***(If pro se, select this deck)**\* | **895 Freedom of Information Act** <br> **890 Other Statutory Actions (if Privacy Act)** <br><br> ***(If pro se, select this deck)**\* | **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| **710 Fair Labor Standards Act** <br> **720 Labor/Mgmt. Relations** <br> **730 Labor/Mgmt. Reporting & Disclosure Act** <br> **740 Labor Railway Act** <br> **790 Other Labor Litigation** <br> **791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)** <br> **443 Housing/Accommodations** <br> **444 Welfare** <br> **440 Other Civil Rights** <br> **445 American w/Disabilities-Employment** <br> **446 Americans w/Disabilities-Other** | **110 Insurance** <br> **120 Marine** <br> **130 Miller Act** <br> **140 Negotiable Instrument** <br> **150 Recovery of Overpayment & Enforcement of Judgment** <br> **153 Recovery of Overpayment of Veteran's Benefits** <br> **160 Stockholder's Suits** <br> **190 Other Contracts** <br> **195 Contract Product Liability** <br> **196 Franchise** | **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** <br> **JURY DEMAND:** | Check YES only if demanded in complaint <br> **YES         NO** |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction)    **YES**    **NO** | If yes, please complete related case form. |
|---|---|---|

**DATE**                    **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.