THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STEPHANIE E. SLOSER** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ARAMARK CORPORATION** )<br>)<br>Defendant. )<br>) | Civil Action No. 07CV02120 RCL |

## ANSWER OF DEFENDANT ARAMARK CORPORATION

Defendant ARAMARK Corporation ("ARAMARK" or "Defendant"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby answers the Complaint filed by Stephanie Sloser ("Ms. Sloser" or "Plaintiff") according to the numbered paragraphs thereof as follows:

Complaint for Relief

1. The allegations contained in paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies such allegations.

Parties

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies such allegations.

3. The allegation contained in paragraph 3 of the Complaint constitutes a conclusion of law to which no response is required. To the extent that a response may be required, Defendant denies the allegation.

1-WA/2865355.1

4.  Defendant admits that it is a Delaware corporation employing individuals in the District of Columbia. Defendant denies the remaining allegations in this paragraph.

5.  Defendant admits that it maintains a registered agent in the District of Columbia. Defendant denies the remaining allegations in this paragraph.

6.  The allegation contained in paragraph 6 of the Complaint constitutes a conclusion of law to which no response is required. To the extent that a response may be required, Defendant denies the allegation.

7.  Defendant admits that Plaintiff was employed with ARAMARK for more than one year and worked more than one thousand hours during the twelve months prior to October 2006. Defendant denies the remaining allegations in this paragraph.

8.  The allegation contained in paragraph 8 of the Complaint constitutes a conclusion of law to which no response is required. To the extent that a response may be required, Defendant denies the allegation.

<u>Jurisdiction</u>

9.  The allegations contained in paragraph 9 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies such allegations.

10. Defendant admits that it conducts business in the District of Columbia. The remaining allegations contained in paragraph 10 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies such allegations.

11. Defendant admits that it is qualified to do business in the District of Columbia. The remaining allegations contained in paragraph 11 of the Complaint constitute conclusions of

law to which no response is required. To the extent that a response may be required, Defendant denies such allegations.

## Factual Background

12.    Defendant admits that Plaintiff began her employment with ARAMARK in or about August 2004, and that Plaintiff served as the Chief of Event Services and was placed with a large multi-national organization headquartered in the District of Columbia. Defendant denies the remaining allegations in this paragraph.

13.    Defendant admits that Plaintiff's employment with ARAMARK involved, among other things, certain administrative, managerial, and various other duties. Defendant denies the remaining allegations in this paragraph.

14.    Defendant admits that Plaintiff performed the duties of her employment at several physical locations, including, but not limited to, the multi-national organization's headquarter buildings and other property owned or managed by ARAMARK. Defendant denies the remaining allegations in this paragraph.

15.    Defendant admits that ARAMARK generally conducts performance evaluations for its employees. Defendant denies the remaining allegations in this paragraph.

16.    Defendant denies the allegations in this paragraph to the extent that they purport to characterize the contents of a written document, which speaks for itself. Defendant denies the remaining allegations in this paragraph.

17.    Defendant denies the allegations in this paragraph to the extent that they purport to characterize the contents of a written document, which speaks for itself. Defendant denies the remaining allegations in this paragraph.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff advised ARAMARK that she was pregnant prior to her expected due date. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Upon information and belief, ARAMARK admits the allegation contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff performed employment functions including preparation, review, and distribution of routine calendar year performance reviews for subordinate staff while on leave. Defendant denies the remaining allegations in this paragraph.

25. Defendant admits that Plaintiff was paid a pro-rated salary for the employment functions she performed during the period that she was on leave. The remaining allegations contained in paragraph 11 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response may be required, Defendant denies such allegations.

26. Defendant admits that the seventeenth week following the commencement of Plaintiff's family leave occurred during January 2007.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegation contained in paragraph 32 of the Complaint.

33. Defendant denies the allegation contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegation contained in paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies such allegations.

## COUNT ONE

37. Paragraph 37 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## COUNT TWO

40. Paragraph 40 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

## COUNT THREE

44. Paragraph 44 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

## COUNT FOUR

48. Paragraph 48 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

## COUNT FIVE

52. Paragraph 52 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

## COUNT SIX

55. Paragraph 55 of the Complaint contains no factual allegations to admit or deny, and therefore Defendant denies such allegations.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

Defendant admits that Plaintiff seeks the relief described above in the section of the Complaint titled "Prayer for Relief," including subparagraphs i, ii, iii, iv, v, but denies that Plaintiff is entitled to any relief.

Defendant admits that in the section of the Complaint titled "Demand for Jury Trial," Plaintiff demands a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

Plaintiff is not entitled, on the law or the facts, to the damages claimed, including, but not limited to, punitive damages.

### Second Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

### Third Defense

To the extent that Plaintiff was entitled to leave under the D.C. Family and Medical Leave Act, Defendant provided such leave to Plaintiff.

### Fourth Defense

Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's use of family leave.

### Fifth Defense

Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-retaliatory and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's family responsibilities.

### Sixth Defense

Plaintiff's claims are not actionable because Defendant did not refuse to restore Plaintiff to employment following her family leave.

### Seventh Defense

Should Plaintiff establish that her family responsibilities was a motivating factor for any

employment practice, Plaintiff's damages are limited by the fact that ARAMARK would have taken the same action in absence of the impermissible motivating factor.

### Eighth Defense

ARAMARK at all times made good faith efforts to comply with all applicable laws.

### Ninth Defense

The statements made by Defendant regarding Plaintiff were not defamatory.

### Tenth Defense

Any statements made by Defendant regarding Plaintiff were protected by a qualified common interest privilege.

### Eleventh Defense

Any statements made by Defendant regarding Plaintiff were true.

### Twelfth Defense

Plaintiff has failed to mitigate and minimize her damages, if any.

### Thirteenth Defense

Any damages claimed by Plaintiff were caused by her own actions or the actions of others whose behavior cannot be imputed to Defendant.

### Fourteenth Defense

Defendant denies any allegation not specifically admitted herein.

### Fifteenth Defense

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully

requests that the Court dismiss Plaintiff's claims with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendant such other and further relief as this Court deems just and proper.

Dated: November 30, 2007

                                                Respectfully submitted,

                                                /s/ Karen E. Gray
                                                Grace E. Speights (D.C. Bar No.392091)
                                                Karen E. Gray (D.C. Bar No. 472341)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1111 Pennsylvania Ave., N.W.
                                                Washington, D.C. 20004
                                                202.739.5334
                                                202.739.3001 (fax)
                                                kgray@morganlewis.com

                                                Counsel for Defendant ARAMARK Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November a copy of the foregoing Defendant's Answer to Plaintiff's Complaint for Relief was filed electronically through the ECF system and served via first-class mail, postage prepaid, on:

> Stephanie E. Sloser
> 4633 Greene Place, NW
> Washington, DC 20007

Copy to:

> Raymond Quianzon, Esq.
> Fletcher, Heald & Hildreth, PLC
> 1300 North 17th St., 11th Floor
> Arlington, VA  22209
> quianzon@fhhlaw.com


      /s/ Karen E. Gray_____
Karen E. Gray